IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 4:17-cv-387 |
| v. | ) ) | |
| TRUECORE BEHAVIORAL SOLUTIONS | ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMAND |

AMENDED COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Equal Pay Act of 1963 to correct unlawful employment practices on the basis of sex, to restrain the unlawful payment of wages to an employee of one sex at a rate less than the rate paid to an employee of the opposite sex, and to provide appropriate relief due to Charlotte Allmon (Allmon) as a result of such unlawful practices.  As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission alleges Defendant TrueCore Behavioral Solutions (Defendant Employer) paid Allmon, a female, significantly less money than her male predecessor for performing equal work in the exact same position.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. §§ 216(c) and 217 to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f) (1) of Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. § 2000e-5(f) (1) (Title VII) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (Commission), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the Equal Pay Act and Title VII and is expressly authorized to bring this action by sections 16(c) and 17" of the FLSA, 29 U.S.C. [§§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705, and by Sections 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. On June 30, 2017, Defendant Employer purchased G4S Youth Services LLC and assumed all liabilities incurred by G4S Youth Services LLC.

5. At all relevant times, Defendant Employer has been a foreign limited liability company doing business in the State of Arkansas and the City of Alexander and has continuously had at least 15 employees.

6. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

7. At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been engaged in the operation of operating a juvenile correctional facility.

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Allmon filed a charge with the Commission alleging violations of the Title VII and EPA by Defendant Employer.

10. On February 14, 2017, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII and the EPA were violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. On March 8, 2017, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant Employer that the Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF TITLE VII CLAIMS

13. Since at least February of 2015, Defendant Employer has engaged in unlawful employment practices at its Alexander, Arkansas location in violation of Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) (Title VII) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

14. These unlawful practices include, but are not limited to, Defendant Employer's failure to pay Allmon equal wages as the Facility Investigator because of her sex, female.

(a) Defendant Employer manages programs and services for the juvenile youth correctional facility in Alexander, Arkansas.

(b) Defendant Employer hired Allmon, female, as a Claims/Surveillance Investigator in February of 2011 at its North Carolina location.

(c) In early August of 2012, Defendant Employer changed Allmon's title to Field Investigator.

(d) Allmon resigned her Field Investigator position in November of 2012, and Defendant Employer rehired Allmon in Alexander, Arkansas, as a part-time teacher in December of 2013.

(e) In early September of 2014, Defendant Employer created a new position— Facility Investigator.

(f) Having investigatory experience with Defendant Employer, as well as investigatory experience in prior employment, Allmon applied for the Facility Investigator position.

(g) Calvin Grogan, an outside candidate and male, also applied for the position.

(h) Defendant Employer interviewed both Grogan and Allmon and chose Grogan for the position at a starting salary of $49,874.99 per year.

(i) Allmon met the qualifications for the Facility Investigator position.

(j) Defendant Employer raised Grogan's pay three months after his hire to $52,000 per year.

(k) Grogan resigned in February of 2015, and Defendant placed Allmon in the Facility Investigator position.

4

      (l) Defendant paid Allmon $42,000 per year as the Facility Investigatory.

      (m) Allmon performed the same job that Grogan performed—Facility Investigator— but Defendant Employer paid Allmon less.

15. The effect of the practices complained of in Paragraphs 13 and 14 above has been to deprive Allmon of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Allmon.

## STATEMENT OF EQUAL PAY ACT CLAIM

18. Since at least February of 2015, Defendant Employer violated the federally protected rights of Allmon pursuant to Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2).

      (a) Allmon, a female and a current employee with Defendant Employer, applied for the newly created position of Facility Investigator.

      (b) Calvin Grogan, an outside candidate and male, also applied for the position.

      (c) Defendant Employer interviewed both Grogan and Allmon and chose Grogan for the position at a starting salary of $49,874.99 per year.

      (d) After three months Defendant employer raised Grogan's pay to $52,000 per year.

      (e) When Grogan resigned in February of 2015, Defendant Employer placed Allmon into the Facility Investigatory position at a salary of $42,000 per year.

      (f) The disparity in pay is based on sex because Defendant Employer placed Allmon into the exact position that Grogan vacated and the position

    required equal skill, effort, and responsibility.

  (g) The disparity is based on sex because Defendant Employer placed Allmon into the exact position that Grogan vacated and Allmon performed the job under similar working conditions and at the same facility.

19. As a result of the acts complained of above, Defendant Employer unlawfully has withheld and is continuing to withhold the payment of wages due to Allmon.

20. The unlawful practices complained of above in Paragraphs 18 and 19 were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees based on sex, female.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Allmon by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Grant a judgment requiring Defendant Employer to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages and prejudgment interest to Allmon whose wages are being unlawfully withheld as a result of the acts complained of above,

E.  Order Defendant Employer to make whole Allmon by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 13 and 14 above, in amounts to be determined at trial.

F.  Order Defendant Employer to make whole Allmon by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 13 and 14 above, including emotional pain, suffering, inconvenience, and mental anguish in amounts to be determined at trial.

G.  Order Defendant Employer to pay Allmon punitive damages for its malicious and reckless conduct, as described in Paragraphs 13 and 14 above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**JAMES L. LEE**
Acting General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

_____

**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 011730

_____
**GERALD L. THORNTON, SR.**
Supervisory Trial Attorney
TN Bar No. 015898
gerald.thornton@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
1407 Union Avenue, Suite 900
Memphis, TN  38104
(901) 544-0075


_____
**PAMELA B. DIXON**
Senior Trial Attorney
AR Bar No. 95085

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
820 Louisiana Street, Suite 200
Little Rock, AR  72201
Telephone:  (501) 324-5065
pamela.dixon@eeoc.gov