IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | | PLAINTIFF |
| v. | Case No. 4:17-cv-00387 KGB | |
| TRUECORE BEHAVIORAL SOLUTIONS | | DEFENDANT |

## ORDER

A. Plaintiff Equal Employment Opportunity Commission ("Commission") and Defendant TrueCore Behavioral Solutions ("TrueCore") reached an agreement to resolve this case after entering into settlement negotiations. The Commission and TrueCore jointly submit this Consent Decree ("Decree") for the Court's approval and entry to resolve the claims of sex discrimination filed under the Equal Pay Act of 1963 ("Equal Pay Act") claim and the Title VII of the Civil Rights Act of 1964 ("Title VII").

B. The Commission, as an agency of the United States of America, enforces federal laws prohibiting discrimination in the workplace. The Equal Pay Act and Title VII represent two federal laws enforced by the Commission. The Equal Pay Act and Title VII prohibit discrimination against employees on the basis of sex.

C. The Commission filed this lawsuit against G4S Youth Services, LLC ("G4S") on June 12, 2017. The Commission alleged in the Complaint that G4S violated the Equal Pay Act and Title VII by discriminating against Charlotte Allmon, a former employee, because of her sex, female. Specifically, the Commission alleged G4S placed Allmon in the exact position previously held by a male. G4S, however, paid Allmon significantly less.

D. After filing its complaint, the Commission learned TrueCore purchased G4S on June 30, 2017, assuming all liability incurred by G4S. The Commission filed an Amended Complaint


on September 25, 2017, removing G4S as a defendant and naming TrueCore as the defendant. TrueCore denies the substantive allegations in the Commission's complaint.

E.  The parties commenced settlement discussion early in an attempt to resolve this matter to avoid the expense of protracted litigation and other burdens on the parties and the Court arising from the continued litigation of this case.  This Decree represents the parties' resolution of this litigation.

F.  The Commission and TrueCore stipulate the terms and conditions of this Decree serve to effectuate the purposes of the Equal Pay Act and Title VII.  The terms of the Decree are fair, reasonable, adequate, and serve the public interest in eradicating discrimination based on sex. After a careful examination of the Decree, the pleadings, and the record, this Court finds the terms of this Decree are adequate, fair, reasonable, equitable, and just.  The Decree furthers the objectives of the Equal Pay Act and Title VII and adequately protects the rights of the Commission, TrueCore, Allmon, and the public interest.

It is hereby ordered, adjudged, and decreed:

G.  This Decree resolves all issues and claims in the complaint filed by the Commission, which arose from the Charge No. 493-2016-01257 filed by Allmon.  This Decree does not impact any pending charges, if any, that may currently exist.  Further, this Decree does not affect the Commission's right to process any other pending or future charges that any employee may file against TrueCore and to commence civil actions on any such charges.

H.   The parties agree the United States District Court for the Eastern District of Arkansas, Western Division, has jurisdiction over the Commission and TrueCore and the subject matter of this litigation for the duration of the Decree.  Neither the Commission nor TrueCore shall contest the jurisdiction of this Court to enforce this Decree or the rights of the Commission to

monitor TrueCore's compliance with the Decree and to bring an enforcement action in the event TrueCore fails to comply with the terms of the Decree.

    I.    This Decree encompasses defendant's operations in Pulaski County, Arkansas, only.

    J.    TrueCore will include within its policies statement that the Equal Pay Act and Title VII require that men and women in the same workplace receive equal pay for equal work and that TrueCore does not discriminate on the basis of sex against any employee with regard to the payment of wages.

    K.    To resolve this matter, TrueCore will pay Charlotte Allmon a total of $38,000.00.

    L.    TrueCore will allocate the payment in the following manner:

1. TrueCore will pay Allmon $15,000.00 in back pay.
2. TrueCore will withhold all applicable taxes and issue Allmon a W-2 form.
3. TrueCore is responsible for the employer's share of State and Federal withholding, as applicable, for the payment under the paragraph designated as back pay.
4. TrueCore will pay Allmon $23,000.00 in compensatory damages.
5. TrueCore will issue Allmon a 1099 form for the compensatory damages amount.
6. TrueCore will mail cashier's checks or business checks to Allmon at the address provided to TrueCore by the Commission.
7. TrueCore will issue all checks within 21 days of the entry of this Decree.

    M.    Late payment of the checks shall be subject to the accrual of interest pursuant

to 28 U.S.C. § 1961.

  N. TrueCore will email photocopies of the front and back of all checks issued to Allmon to EEOC-MEDO-decree-monitoring@eeoc.gov.

  O. TrueCore will provide Allmon with a neutral job reference to include information regarding dates of employment and the job performed.

  P. TrueCore will not mention Allmon's Charge of Discrimination or this lawsuit as part of the reference.

  Q. Within 90 days of the entry of this Decree, TrueCore will provide the Commission with a copy of the training materials and related documentation it intends to use for Equal Pay Act and Title VII training.

  R. TrueCore will conduct training within 120 days of the entry of the Decree for all employees.

  S. TrueCore will retain a qualified consultant having specialized knowledge of the Equal Pay Act, Title VII sex discrimination, and retaliation to conduct a one-hour training session. The training will include the following areas:

    1. Sex discrimination under the Equal Pay Act;

    2. Sex discrimination under Title VII; and

    3. Retaliation.

  T. TrueCore shall maintain proof of attendance for each person trained pursuant to Paragraphs R-S.

  U. TrueCore will notify the Commission of the date, location, and time of the training at least 30 days prior to the training and will allow a Commission representative to attend and observe the training session and to offer to answer any questions raised by the

attendees.

V. TrueCore is enjoined from discriminating against any employee on the basis of sex. Specifically, TrueCore will not pay any employee a lessor wage for the same job and equal work because of that employee's sex.

W. TrueCore is enjoined from retaliating against any employee for participating in any proceeding under the Equal Pay Act or Title VII.

X. Within 30 days of the entry of this Decree, TrueCore will post Attachment A for one year at TrueCore's operations in Pulaski County, Arkansas, in a conspicuous place that TrueCore customarily posts notices to employees. TrueCore will continue to post conspicuously the most recent notice (poster) required by the Equal Pay Act and Title VII.

Y. The Commission may monitor TrueCore's compliance with the terms of the Decree by examining documents or other records required to be maintained under this Decree.

Z. TrueCore will submit to the Commission one report as follows:

1. The first report will contain the location and date of the training, the name(s) of the trainer(s), and the names of the training attendees; and

2. If TrueCore revises its handbook during any of the reporting periods, it will include a copy of the revised handbook at part of the report for that period.

AA. TrueCore will submit the report 11 months after the entry of this Decree. The report will also include a statement that TrueCore satisfied the requirements pursuant to the above paragraphs.

BB. TrueCore will submit the report to EEOC-MEDO-decree-

monitoring@eeoc.gov with a statement by TrueCore that it submits the report as required by this Decree.

CC. TrueCore will provide prior written notice to any potential purchaser of TrueCore's business, a purchaser of all or a substantial portion of TrueCore's assets, or to any other potential successor, of the Commission's lawsuit and the existence and contents of the Decree. Any surviving entities that exist upon completion of the acquisition, merger, or consolidation shall remain fully liable for compliance with this Decree.

DD. If TrueCore fails to comply with the terms of this Decree, in whole or in part, the Commission has a right to enforce the obligations under the Decree.

EE. The Commission will provide 10 days' notice to TrueCore of any deficiency in complying with the terms of the Decree.

FF. If the parties are unable to reach agreement regarding resolution of any such deficiency in TrueCore's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

GG. This Decree shall become effective immediately upon entry by the Court and shall remain in effect for one year after the Effective Date.

HH. Each party will bear its own costs, attorneys' fees, and expenses.

IT IS SO ORDERED THIS 5th DAY OF July, 2018.

_____
**KRISTINE G. BAKER**
**UNITED STATES DISTRICT JUDGE**

APPROVED FOR ENTRY BY THE PARTIES:

| For Plaintiff | For Defendant |
|---|---|
| JAMES L. LEE<br>Acting General Counsel | /*s*/Louis P. Britt III<br>LOUIS P. BRITT, III<br>FRANK L. DAY, JR. |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | FORDHARRISON LLP<br>1715 Aaron Brenner Drive, Ste. 200<br>Memphis, Tennessee 38120<br>Telephone: (901) 291-1500 |
| /*s*/Faye A. Williams<br>FAYE A. WILLIAMS<br>Regional Attorney | LBritt@fordharrison.com |

/*s*/Gerald L. Thornton, Sr.
GERALD L. THORNTON, SR.
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
1407 Union Avenue, Suite 900
Memphis, TN  38104
(901) 544-0075

/*s*/Pamela B. Dixon
PAMELA B. DIXON
Senior Trial Attorney
AR Bar No. 95085
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
820 Louisiana Street, Suite 200
Little Rock, AR  72201
(501) 324-5065

**ATTACHMENT A**

# **NOTICE**

1. TrueCore Behavioral Solutions ("TrueCore") has agreed as part of a settlement with the Equal Employment Opportunity Commission ("EEOC") to post this notice for one year to reinforce the company's policies concerning the Equal Pay Act and Title VII.

2. As part of the settlement, TrueCore has agreed to conduct training at its Pulaski County, Arkansas, location on the prevention of sex discrimination in the work place.

3. TrueCore is committed to complying with the Equal Pay Act and Title VII. True Core reiterates its obligation to provide equal employment opportunities to all employees and applicants, regardless of sex.

4. TrueCore will not take any action against employees because they have exercised their rights under the law by filing charges with the EEOC and/or testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under the Equal Pay Act or Title VII.

5. If you believe that you have been discriminated against because of your sex or due to retaliation you may contact the EEOC at www.eeoc.gov

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**

This notice must remain posted for one year from the date below, and must not be altered, defaced, or covered by any material.

_____          _____
President, TrueCore Behavioral Solutions                           Date